UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DOMINIKA ZAKRZEWSKA,

PLAINTIFF,

v.

THE NEW SCHOOL AND
KWANG-WEN PAN,

DEFENDANT.

06 CIV. 5463 (LAK)

DECLARATION OF THOMAS S.
D'ANTONIO IN SUPPORT OF
DEFENDANT'S CROSS-MOTION
TO COMPEL

---

**THOMAS S. D'ANTONIO**, under penalty of perjury, declares:

1. I am a member of the firm of Ward Norris Heller & Reidy, LLP, attorneys for defendant The New School in the above-referenced matter. I submit this Declaration in support of the New School's cross-motion to compel the discovery identified in the notice of cross-motion. Specifically, The New School seeks an Order: (a) compelling the prompt production for plaintiff's expert report and any related expert disclosure; (b) granting adequate time, after receipt of plaintiff's expert materials, to The New School to identify its experts and to permit scheduling of necessary examinations of plaintiff by the experts; (c) compelling plaintiff to return fully executed medical and work authorizations previously forwarded to her lawyer; (d) compelling plaintiff to identify her roommates and employers; (e) for such other and further relief as the Court considers just and proper.

**The Expert Report Has Not Yet Been Furnished By Plaintiff**

2. As this Court may recall, plaintiff belatedly sought permission to retain and identify an expert. On November 30, the Court granted the request, on the condition that: (a) plaintiff be produced for an additional day of deposition to be conducted by The New School; and (b) that The New School be permitted adequate time to identify and retain its

own experts.

3. I had understood that, as of November 30, plaintiff's counsel already had identified the expert he wished to use, and that this expert (a forensic psychologist) was prepared to examine plaintiff and produce a report forthwith. However, almost a month later we still await the report that is mandated under Federal Rule of Civil Procedure 26(2)(B).

4. In order to effectively assess which expert or experts to retain to most effectively respond to plaintiff's position, The New School needs her expert report and the underlying medical information.

**The Medical Authorizations**

5. At plaintiff's deposition, she testified that she underwent a regular course of counseling in Florida, for an eating disorder and perhaps for other underlying issues. She could not recall the name of the counselor that she saw, although she indicated that her mother may have the name. On December 5, 2007, approximately a week after the deposition, I sent Mr. Solotaroff a series of medical authorizations. I sent a blank authorization for the unidentified counselor in Florida, a separate authorization for plaintiff's high school health records from Florida (customarily, the schools are informed of the counseling activities of students, and may independently counsel students as well, so these records should identify the "outside counselor" as well as any in-school counseling), authorizations for primary care records, and authorizations for health records maintained by plaintiff's employers.

6. None of these authorizations have been returned. Mr. Solotaroff related that he objected to the production of work records, or high school health records, that plaintiff had no primary care providers except for a clinic she went to in Poland, and that they had

2

not yet identified the counselor from Florida.

7. The high school records, as noted, are likely to identify the counselor, and have independently probative information as well. Work health records are also potentially probative, to the extent they contain information on any limitations, restrictions or difficulties (or lack thereof) with respect to plaintiff. Finally, the clinic records should be furnished as should any records that were provided to or sought out by plaintiff's expert.

## Plaintiff was Improperly Instructed Not To Answer Questions about her Roommates and Employers at her Deposition

8. The Federal Rules and case law are clear that an instruction not to answer a question at a deposition, except when privilege is implicated, is patently improper.

9. Plaintiff was instructed, however, on several occasions not to identify her roommates that she had lived with during the time she attended the New School and thereafter. She similarly was instructed not to answer questions about the identity of her employers.

10. This information is clearly discoverable, as it will allow the litigants to explore how, if at all, plaintiff's alleged emotional trauma manifested itself, but also how, if at all, she described her relationship with the alleged "harasser" Pan and others.

11. For these reasons, The New School's cross-motion to compel in all respects should be granted.

I declare under penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing is true and correct to the best of my knowledge.

Dated: December 28, 2007     /s/_____
Thomas S. D'Antonio (TSD-2927)