UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DOMINIKA ZAKRZEWSKA,

            Plaintiff,

        -against-                       06 Civ. 5463 (LAK)

THE NEW SCHOOL, et ano.,

            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/7/08

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        Plaintiff moves for a protective order "precluding from discovery material related to Plaintiff's sexual behavior with persons other than Defendant Pan or related to her sexual predisposition." DI 24. Defendant The New School cross-moves to compel discovery from plaintiff. DI 28.

*Plaintiff's Motion*

        The focus of plaintiff's motion is portions of plaintiff's diary for the period in which the alleged sexual harassment allegedly occurred, which the Court previously ordered produced.

        As plaintiff argues, Fed. R. Evid. 412 generally forecloses evidence offered to prove a victim's sexual predisposition. While this rule does not govern pretrial discovery, the Advisory Committee Note states that:

> "In order not to undermine the rationale of Rule 412, however, courts should enter appropriate orders pursuant to Fed. R. Civ. P. 26 (c) to protect the victim against unwarranted inquiries and to ensure confidentiality. Courts should presumptively issue protective orders barring discovery unless the party seeking discovery makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of the particular case, and cannot be obtained except through discovery. In an action for sexual harassment, for instance, while some evidence of the alleged victim's sexual behavior and/or predisposition in the workplace may perhaps be relevant, non-workplace conduct will usually be irrelevant."

Plaintiff argues therefore that portions of plaintiff's diary that refer to sexual activity with persons other than defendant Pan should not be discoverable.

Defendants disclaim any intent to use the discovery in question to seek to prove plaintiff's sexual predisposition or that plaintiff welcomed any advances that Pan may have made. They point to the fact that plaintiff seeks damage exclusively for emotional distress based on a contention that defendant Pan's alleged unwanted advances changed plaintiff's life markedly for the worse and seriously debilitated her for a substantial period of time.

The New School argues that it should be permitted to see the diaries "in order to explore [plaintiff's] ability to establish or continue in relationships and conduct her daily activities in spite of the allegedly debilitating nature of defendant Pan's conduct." DI 27, ¶ 9. It points also to the fact that review of the diaries may yield evidence of intimate relationships in which plaintiff "divulged the sources of any emotional turmoil she claims to have suffered." *Id.*

Defendant Pan makes a broader argument. He notes that plaintiff at the eleventh hour has engaged a psychiatrist who proposes to testify – solely on the basis of an interview with plaintiff, the amended complaint, plaintiff's deposition, and records from The New School's counseling service – that plaintiff is suffering from depression and bulimia as a result of Pan's alleged actions, that "[s]he has lost interest in going out and participating in social activities," that she "has experienced difficulty trusting men since her experience with Mr. Pan," and that these all were results of her experiences at the hands of defendant Pan. Yet there is evidence that plaintiff in May 2006 responded to an ad on the Internet seeking sex with a "non-pro" in return for payment. There is evidence also that she engaged in an instant message dialogue in February 2006 with an unidentified male in which plaintiff arguably offered to engage in sex with someone apparently known to her only by an online pseudonym in exchange for a meal in a "nice and glamorous" restaurant.

Courts quite properly are reluctant to permit discovery into such highly intimate matters. Individuals' privacy interests in such circumstances are important and deserving of protection. Moreover, there is a risk that permitting such discovery would deter some individuals from pursuing meritorious claims. Nevertheless, it would be unfair also to permit a plaintiff claiming emotional distress to block discovery of facts that may shed important light on whether any emotional distress actually was suffered, whether any emotional distress that did occur had a serious impact on the plaintiff's life, and whether any emotional distress was attributable, either in whole or in part, to circumstances other than the alleged conduct of the defendant. Further, where, as here, a plaintiff proposes to offer expert testimony, including testimony that plaintiff has lost interest in social activities and is unable to trust men, it would be quite unfair to foreclose discovery that may well provide material that could seriously undermine the credibility of the expert's opinion. As one judge of this Court put it in a related context:

> "Although having to answer questions about their personal histories is to some extent an intrusion in their privacy, and may in fact inhibit some plaintiffs from proceeding with their claims, such an inquiry is warranted since plaintiffs are seeking compensation for their mental anguish. Moreover, since plaintiffs seek to prove that they have suffered emotional distress as a result of the sexual harassment through

their testimony and the testimony of their therapists, defense counsel has a right to inquire into plaintiffs' pasts for the purpose of showing that their emotional distress was caused at least in part by events and circumstances that were not job related." *Bridges v. Eastman Kodak Co.*, 850 F. Supp. 216, 223 (S.D.N.Y. 1994) (citations and footnote omitted).

This is not to say that plaintiff is entitled to no protection or that defendants are entitled to go on a fishing expedition into her prior history. Appropriate confidentiality protection will be afforded, and the Court will rigorously limit defendants to using the information here in question for their stated purposes.

*The Cross-Motion*

The New School seeks to compel production of plaintiff's expert report, time following receipt of that report and related materials in which to have their expert(s) examine plaintiff, authorizations to access certain of plaintiff's health records, and identification of plaintiff's roommates and current employer.

### 1. *Expert Disclosure*

According to plaintiff's counsel, the expert disclosure was provided to the defense after the cross-motion was filed. That aspect of the cross-motion therefore is moot. Defendants may schedule any examination(s) of plaintiff within the next thirty days.

### 2. *Medical Authorizations*

The dispute over medical authorizations relates to records of treatment of plaintiff's eating disorder, presumably bulimia, by a social worker in Florida while she was in high school, plaintiff's high school health records, and any health records maintained by her present employer.

Although plaintiff objects to discovery of records relating to the period during which plaintiff was in high school, and such a request in ordinary circumstances might seem far fetched, her argument in the unusual circumstances of this case is not persuasive. Plaintiff's expert has opined that plaintiff suffers from bulimia and that the condition was reactivated as a result of the alleged sexual harassment at issue in this case. Plaintiff completed high school in 2002 and enrolled at The New School. She began working in the computing center, where the alleged sexual harassment is said to have occurred, in April 2003. Thus, this is not a case in which a defendant is seeking records of events many years in the past. Rather, plaintiff had suffered from the eating disorder in high school, possibly as late as June 2002, and claims that the condition was reactivated by defendant Pan's actions that allegedly began only months later. Defendants therefore are entitled to probe the nature and extent of the eating disorder while plaintiff was in high school and, among other things, to seek to challenge the implicit premise of this aspect of plaintiff's expert's opinion, viz. that the eating disorder was inactive when plaintiff arrived at The New School computing center

4

in April 2003. Records of plaintiff's treatment and health while at high school as late as 2002 are an appropriate subject of interest.

Plaintiff seeks to avoid discovery of any health records maintained by the present employer on the basis of a conclusory assertion by her attorney that plaintiff's present employer maintains no health records. That remains to be seen. Among other things, it is far from unlikely, even if the present employer does not provide health benefits, that plaintiff was questioned about the state of her health at or about the time she was employed and that the answers may be illuminating.

### 3. Identification of Roommates and Current Employer

Plaintiff was asked at her deposition to identify the individuals with whom she currently shares living accommodations. Her attorney improperly directed her not to answer. The New School now seeks to compel a response.

As noted above, plaintiff's expert asserts that plaintiff is suffering from depression and bulimia as a result of Pan's alleged actions, that "[s]he has lost interest in going out and participating in social activities," and that she "has experienced difficulty trusting men since her experience with Mr. Pan." Her present roommates quite likely are in a position to shed light on at least some of these matters.

Plaintiff's argument that this information should not be disclosed because plaintiff evidently does not wish her roommates to know that she has brought this sexual harassment case (DI 32, ¶ 7) is understandable. *See, e.g.,* Lewis A. Kaplan, *Litigation, Privacy and the Electronic Age,* 3 Y ALE S YMP . L AW & T ECH . 1 (2001) ( a v a i l a b l e a t http://www.yjolt.org/old/modules.php?name=News&file=article&sid=5) (last visited Jan. 5, 2008). The fact that her concern is understandable, however, is not sufficient. For one thing, the potential importance of evidence that may be in the hands of her roommates is great. They are in an excellent position to cast light on such matters as whether plaintiff in fact "has lost interest in going out and participating in social activities" or whether, instead, that is a pretense that plaintiff adopted for the benefit of the psychiatrist she retained to buttress her litigation position. It would be unfair to allow plaintiff to make allegations of emotional distress that cannot be verified objectively, as she has done in this case, and then deny defendants access to circumstantial evidence that offers a reasonable prospect of corroborating or undermining her claims. For another, the likelihood that plaintiff would be able to keep her litigation secret is not great regardless of whether she is compelled to identify her roommates. Moreover, it would be a simple matter for defendants to hire an investigator and thus ascertain the identities of plaintiff's roommates. There is no reason to force them to incur that expense.

While plaintiff's papers in opposition to the cross-motion do not address the request for identification of her current employer, she previously has resisted providing that information. No explanation previously was given for that resistence beyond the unsupported assertion that the information is sought for harassment purposes. In the present submissions, however, plaintiff's expert notes, albeit in another connection, that plaintiff has "paranoid concerns about her job situation." *Id.* Ex. A, at 6.

5

As noted above, defendants are entitled to an authorization by plaintiff to access any medical records maintained by her present employer. This necessarily will disclose that employer's identity. Apart from obtaining those records, however, no justification has been offered for any contact with that employer.

*Conclusion*

Plaintiff's motion for a protective order (DI 24) is granted to the extent that any portions of her diaries that relate to sexual behavior by the plaintiff with persons other than defendant Pan may be reviewed and copied only by defendants' counsel of record and shall be maintained in confidence by them and used solely for the purpose of this litigation. The motion is denied in all other respects. Counsel shall submit a proposed confidentiality order further elaborating on the treatment of this information, including such matters as reference to it in depositions and in papers filed with the Court.

The New School's cross motion to compel disclosure (DI 28) is granted to the extent that plaintiff shall provide the requested authorizations and identify her roommates. It is otherwise denied as moot. Defendants shall not contact plaintiff's present employer except for the purpose of obtaining any medical records concerning plaintiff that it may have.

Counsel for defendant Pan is directed to file electronically the papers that he submitted to chambers by mail or courier.

SO ORDERED.

Dated:     January 7, 2008

_____
Lewis A. Kaplan
United States District Judge