UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DOMENIKA ZAKRZEWSKA,

        Plaintiff,

  -against-                06 Civ. 5463 (LAK)

THE NEW SCHOOL, et ano.,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OPINION

  Appearances:

      Jason Solotaroff
      GISKIN, SOLOTAROFF & ANDERSON, LLP
      *Attorneys for Plaintiff*

      Thomas S. D'Antonio
      WARD, NORRIS, HELLER & REIDY, LLP
      *Attorneys for Defendant The New School*

      Theodore L. Blumberg
      *Attorney for Defendant Pan*

LEWIS A. KAPLAN, *District Judge.*

  Plaintiff brings this sexual harassment case pursuant to the New York City Human Rights Law (the "NYCHRL").[1] Jurisdiction is premised on diversity of citizenship. She now

---

[1] N.Y.C. AD. C. § 8-107.

moves, near the completion of discovery, for leave to file a second amended complaint asserting for the first time a claim for retaliation based on the allegation that defendants covertly monitored her personal Internet use at work. Both defendants resist the motion on the ground that the amendment would be futile because the alleged covert monitoring would not constitute the adverse employment action essential to a claim of retaliation. They argue that plaintiff cannot show the requisite material adverse change in her working conditions inasmuch as she concededly was unaware of the monitoring at the time. Defendant The New School argues also that the motion for leave to amend comes too late.

*Futility*

The New York Court of Appeals has described the elements of a retaliation claim under the NYCHRL as follows:

> "In order to make out the claim, plaintiff must show that (1) she has engaged in protected activity, (2) her employer was aware that she participated in such activity, (3) she suffered an adverse employment action based upon her activity, and (4) there is a causal connection between the protected activity and the adverse action."[2]

Moreover, as defendants point out, the New York courts, like their federal counterparts construing Title VII of the Civil Rights Act of 1964, historically required a material adverse change in the plaintiff's working conditions in order to satisfy the adverse employment action requirement.[3] But the federal landscape changed in 2006 with *Burlington N. & Santa Fe Ry. Co. v. White*.[4] The

---

[2] *Forrest v. Jewish Guild for the Blind,* 3 N.Y.3d 295, 312-13 (2004).

[3] *E.g., Messinger v. Girl Scouts of the U.S.A.,* 16 A.D.3d 314, 314-15 (1st Dept. 2005).

[4] 548 U.S. 53, 126 S.Ct. 2405 (2006).

Supreme Court there made clear that "the anti-retaliation provision [of Title VII], unlike the substantive provision, is not limited to discriminatory actions that affect the terms and conditions of employment."[5] Rather, a plaintiff need show only that "a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."[6] Indeed, even post-employment actions – actions of which the employee cannot possibly be aware during the period of employment – may be actionable in appropriate circumstances.[7] In consequence, I cannot foreclose the possibility that a trier of fact reasonably could find that defendants' alleged covert monitoring of plaintiff's personal Internet use at work "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." If the federal standard applies here, plaintiff's proposed amendment would not be futile in the sense of legally insufficient.

Traditionally, New York courts have applied the federal courts' construction of federal employment discrimination laws in construing the provisions of the NYCHRL. Indeed, Section 1 of New York City's Local Civil Rights Restoration Act of 2005[8] makes clear that the construction of federal and state civil rights legislation with language comparable to that of the NYCHRL acts "as a floor below which the City's Human Rights law cannot fall, rather than a ceiling above which the local law cannot rise." Accordingly, I cannot now conclude that the

---

[5] *Id.* at 2412-13.

[6] *Id.* at 2415 (internal quotation marks and citations omitted).

[7] *E.g., Pantchenko v. C.B. Dolge Co., Inc.,* 581 F.2d 1052, 1055 (2d Cir. 1978).

[8] N.Y.C. L.L. 85/2005.

proposed amendment necessarily would be futile, although the extent, nature, and context of and motivation for the alleged monitoring could well result in defendants' prevailing on the claim at trial.

*Timeliness*

While plaintiff's motion for leave to amend comes very late in the proceeding, she moved with reasonable dispatch after the facts concerning the alleged monitoring came to her attention. In consequence, the application is not untimely.

*Conclusion*

For the foregoing reasons, plaintiff's motion for leave to file a second amended complaint [docket item 55] is granted. The proposed second amended complaint attached to plaintiff's memorandum [docket item 57, Exhibit A] is deemed served and filed today.

SO ORDERED.

Dated: March 17, 2008

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)