| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | **DEFENDANT THE NEW SCHOOL'S RULE 56.1 STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| DOMINIKA ZAKRZEWSKA,<br><br>                              Plaintiff,<br><br>v.<br><br>THE NEW SCHOOL, AND KWANG-WEN PAN,<br><br>                              Defendants. | **Civil Action No.<br>06 Civ. 5463 (LAK)<br>Electronically filed** |

Pursuant to Rule 56.1 of the Local Civil Rules of the United States District Court for the Southern District of New York, defendant The New School ("The New School", "New School" or "University") submits the following Statement of Material Facts as to which it contends there is no genuine issue to be tried:

1.      Plaintiff initiated this diversity action asserting a claim of sexual harassment solely under the New York City Human Rights Law ("NYCHRL"), and recently amended her Complaint to add a claim for retaliation under the same statute (Rule 56.1 Appendix (hereinafter "Appx.") Exhibit A).

2.      Defendant The New School denies plaintiff's claims in their entirety, and has pleaded several affirmative defenses (The New School's Answer, Appx. Exhibit B).

3.      Plaintiff enrolled as a freshman at The New School in the fall of 2002 (Appx. Exhibit A).

4.      In or around 2003, plaintiff took a position as a student employee in The New School's Print Output Center, which is a part of the School's Academic Computing Center (Appx. Exhibit A).

5. Defendant Pan ("Pan") has been an employee in The New School's Computer Center since 1998 (Joint Appendix of Deposition Transcripts ("Dep.") Exhibit A (Pan) pg. 14).

6. The New School at all times relevant to the allegations made in this case, has had a policy prohibiting sexual harassment, and that policy at all relevant times has been readily available to all staff and students (The New School's Policy on Sexual Harassment, Appx. Exhibit C; The New School's Guidelines for Dealing with Sexual and Discriminatory Harassment, Appx. Exhibit D; Tennent Aff. ¶¶ 3-5, 8).

7. The New School's policy, among other things, prohibits romantic involvement between staff and students (Appx. Exhibit C).

8. The New School's policy against sexual harassment was accessible on The School's website (Appx. Exhibit C; Tennent Aff. at ¶¶ 3-4).

9. A copy of The New School's policy against sexual harassment also was sent to all staff through "intra-campus" mail (Dep. Exhibit B (Cantrell) pg. 25).

10. The New School's policy against sexual harassment was published in its Student Handbook, which was given to students during the enrollment process. (The New School Student Handbooks, Appx. Exhibit E; Tennent Aff. at ¶ 5).

11. The Student Handbook instructed students to familiarize themselves with University policies. Moreover, it advised students that all policies related to student rights and responsibilities were available on the University's website, including the policy concerning sexual harassment (Appx. Exhibit E).

12. Plaintiff had knowledge of The New School's policy against sexual harassment, and she received a copy of The New School student handbooks which included this policy (Dep. Exhibit C (Zakrzewska) pgs. 103, 105 – 106).

13. Pan received and reviewed The New School's policy against sexual harassment in his employee handbook when he was hired in 1998 (Dep. Exhibit A (Pan) pgs. 17 – 18; Certified Receipt of Handbook by Kwang-Wen Pan as Appx. Exhibit F).

14. The New School's Guidelines for Dealing with Issues of Sexual and Discriminatory Harassment included an established a two-step grievance process whereby students could seek redress if they felt they were being sexually harassed. In step one, a student could "informally" discuss the matter with a school representative, who would then attempt to remedy the situation in a confidential manner. In step two, the so-called "formal" grievance process, a student could petition the University's provost to investigate his or her claims. In certain circumstances the matter also could be referred to a University-wide Committee on harassment and discrimination (Appx. Exhibit D; Tennent Aff. at ¶¶ 6 – 8).

15. Plaintiff and defendant Pan regularly exchanged e-mails from the summer of 2003 until at least February 2005, while both were employed by The New School (E-mails as Appx. Exhibit G). In addition, the pair shared conversations, photos, music, movies, dinner and a night at the opera (Dep. Exhibit A (Pan) pgs. 48, 55, 84-85 and 104; Dep. Exhibit C (Zakrzewska) pgs. 67 – 68).

16. During the nearly two-year period from 2003 to February 2005, plaintiff engaged in private communications with Pan (Appx. Exhibit G).

17. Plaintiff included Pan as a recipient of an e-mail sent to her "special people," that included her personal cellular telephone number. This e-mail also indicated that her "special people" could always call her (Dep. Exhibit C (Zakrzewska) pgs. 136 – 137; E-mail as Appx. Exhibit H).

18. On June 24, 2004, plaintiff told Pan in an e-mail that "you are one of my few best friends ☺" (Appx. Exhibit I).

19. On June 30, 2004, plaintiff e-mailed Pan, asking why he no longer responded to her e-mails (Appx. Exhibit J).

20. On February 2, 2005, plaintiff e-mailed Pan, thanking him for the meals he had been preparing for her. Included in that e-mail were seven "smiley faces" (☺) (Appx. Exhibit K).

21. In May 2005, Plaintiff, for the first time, informed The New School that Pan sexually harassed her (Tennent Aff. ¶ 9).

22. Plaintiff first complained to The New School that defendant Pan had sexually harassed her in early May, 2005 (Tennent Aff. ¶ 9 – 10).

23. Until that time, plaintiff did not bring this information to The New School's attention because she was "too ashamed of what was going on" and was afraid that it "will cause many other problems for other people" (Dep. Exhibit C (Zakrzewska) pgs. 98 – 101).

24. When notified by plaintiff of the alleged harassment, Ms. Carol Cantrell, Senior Vice President of Human Resources, scheduled a meeting with plaintiff and Keila Tennent, The New School's Associate General Counsel, on May 4, 2005 to discuss the allegations (Dep. Exhibit B (Cantrell) pgs. 27, 29; Tennent Aff. ¶ 11).

25. At the May 4 meeting with plaintiff, Ms. Cantrell provided plaintiff with a full copy of The New School's policy on sexual harassment, and explained The New School's two-step grievance process (Dep. Exhibit B (Cantrell) pgs. 31 – 37).

26. Plaintiff informed Ms. Cantrell and Ms. Tennent that she wished to engage in The New School's informal procedure for the investigation of her claims (Dep. Exhibit B (Cantrell) pgs. 31-37).

27. At the May 4 meeting, plaintiff expressed that her objective in bringing Pan's conduct to The New School's attention was her desire that Pan stop the allegedly inappropriate conduct toward her. At that time, plaintiff did not express any desire to see Pan disciplined (Dep. Exhibit C (Zakrzewska) pgs. 185 – 186; Tennent Aff. ¶ 11 – 12).

28. Plaintiff claimed that she had e-mails from Pan that would support her claim, but she did not bring them with her to the May 4 meeting. She promised that she would send them to Ms. Cantrell and Ms. Tennent (Tennent Aff. ¶ 13).

29. Plaintiff did not forward the e-mails to which she referred as promised, and on May 13, 2005 Ms. Tennent called plaintiff to request the e-mails and any related information in her possession (Tennent Aff. ¶ 14).

30. Plaintiff sent copies of e-mails to Ms. Cantrell on May 15 and 16, 2005 (Tennent Aff. ¶ 17).

31. After the May 4, 2005 meeting with plaintiff, Ms. Cantrell and Ms. Tennent initiated an investigation into the matter, which included speaking to Pan's supervisor, reviewing the e-mails provided by plaintiff, attempting to contact co-workers from a list of names provided by plaintiff, and meeting with Pan (Dep. Exhibit B (Cantrell) pg. 40; Tennent Aff. ¶ 13 – 24).

32. Ms. Cantrell and Ms. Tennent met with Pan's supervisor, Lillian Satori, to discuss plaintiff's allegations (Dep. Exhibit B (Cantrell) pgs. 53 – 54, 58 – 59; Tennent Aff. ¶ 16).

33. Ms. Cantrell and Ms. Tennent met with Pan on June 14, 2005. At the June 14, 2005 meeting, Pan confirmed that he had a romantic interest in plaintiff, stated that he

5

understood that his conduct was inappropriate, and apologized for his actions (Dep. Exhibit A (Pan) pgs. 33 – 34; Tennent Aff. ¶ 19).

36. Ms. Cantrell and Ms. Tennent directed Pan to have no further personal communications with plaintiff (Dep. Exhibit B (Cantrell) pgs 76 – 77; Tennent Aff. ¶ 20 – 22), and that if any further problems arose, he would be terminated (Dep. Exhibit B (Cantrell) pgs. 76 – 77; Tennent Aff. ¶ 20 – 22).

35. Ms. Cantrell and Ms. Tennent also explicitly informed Pan that he was not to retaliate against plaintiff because she had complained of his actions toward her (Dep. Exhibit A (Pan) pg. 131; Tennent Aff. ¶ 21).

36. Upon completion of the investigation, The New School required Pan to participate in sexual harassment training and referred Pan to the Employee Assistance Program for training on how to work with other employees. (Dep. Exhibit B (Cantrell) pgs. 76 – 77; Tennent Aff. ¶ 20 – 22).

37. The New School also installed Charles Kesl as the supervisor of Computing Center student employees and Pan was removed from all supervisory and managerial responsibilities with respect to Plaintiff. (Dep. Exhibit A (Pan) pgs 140 – 141; Dep. Exhibit B (Cantrell) pgs. 56, 61).

38. The New School informed Pan's supervisor of the disposition of the investigation of plaintiff's claims (Dep. Exhibit B (Cantrell) pgs. 76 – 77; Tennent Aff. ¶ 23).

39. At no time after the June 14, 2005 meeting did Pan engage in any personal communications with plaintiff (Dep. Exhibit A (Pan) pg. 131; Dep. Exhibit C (Zakrzewska) pgs. 199 – 201).

40. Ms. Tennent sought to inform plaintiff of the outcome of the investigation, but plaintiff did not appear at the scheduled appointment (Tennent Aff. ¶ 25).

41. Ms. Tennent scheduled a second appointment with plaintiff in September 2005, at which time Ms. Cantrell and Ms. Tennent described to plaintiff their investigation concerning plaintiff's allegations, and informed her of the remedial actions taken (Dep. Exhibit B (Cantrell) pgs. 82 – 85; Tennent Aff. ¶ 26).

42. When told of the outcome of the investigation, plaintiff expressed dissatisfaction with the general outcome (Dep. Exhibit C (Zakrzewska) pgs. 215 – 218; Tennent Aff. ¶ 27).

43. Plaintiff confirmed at this meeting that her request to The New School when she made her complaint was to have the allegedly harassing behavior by Pan cease. She confirmed that Pan had not initiated any contact with her since she made her complaint to The New School (Dep. Exhibit C (Zakrzewska) pgs. 199 – 201).

44. Plaintiff could not articulate any specific additional remedial actions that she wanted to occur (Dep. Exhibit C (Zakrzewska) pgs. 215 – 218).

45. Ms. Cantrell and Ms. Tennent again advised plaintiff that if she was dissatisfied with the results of their investigation, she could proceed with a formal grievance under the second step in the University's grievance process for addressing sexual harassment complaints (Dep. Exhibit B (Cantrell) pgs. 82 - 85; Tennent Aff. ¶ 26).

46. Ms. Cantrell and Ms. Tennent told plaintiff at the September meeting that they would remain resources should any further misconduct occur (Dep. Exhibit C (Zakrzewska) pgs. 199 – 201).

47. Plaintiff did not take any action with respect to a formal complaint for several months, but in December 2005, she sent an e-mail to Roger Ward, The New School's Vice

President for Student Affairs, expressing dissatisfaction with the outcome of her informal complaint (Appx. Exhibit L).

48.     Pursuant to the University's grievance policy, this communication was directed to the Provost's office. Mr. Ward informed plaintiff that he was forwarding her e-mail to the Provost's office in accord with Step 2 of The New School's procedures (Appx. Exhibits L and M).

49.     Vice Provost Elizabeth Ross twice attempted to contact Plaintiff to schedule a meeting pursuant to Step 2 of The New School's procedures (Appx. Exhibits N and O).

50.     Plaintiff did not reply to either of Vice Provost Ross's communications. Instead, her attorney, Jason Solotaroff, wrote a letter informing Vice Provost Ross that plaintiff was poised to initiate a legal action. (Appx. Exhibit P). This communication terminated further internal proceedings at the School.

51.     During discovery, Pan produced, on or about January 11, 2008, "screen shots" he collected from monitoring of plaintiff's use of University-owned computers while she was at work (Appx. Exhibit Q).

52.     It appears from these screen shots that, while at work, Plaintiff used a University-owned computer and the Internet for personal reasons or other purposes that were not related to University business, including Instant Messaging (Appx. Exhibit Q).

53.     The New School Policy on Use of University Equipment & Record Keeping prohibits employees from using University-owned computers for personal reasons or other purposes that are not related to University business (Appx. Exhibit R; Tennent Aff. ¶ 33).

54. After Pan's disclosure of the Screen Shots, plaintiff amended her complaint to add a cause of action for retaliation on the theory that Pan covertly monitored plaintiff's computer usage while she was an employee at The New School (Appx. Exhibit A).

55. Prior to producing the screen shots on January 11, 2008, neither The New School nor plaintiff had knowledge of Pan's unauthorized monitoring activities (Appx. Exhibit A; Tennent Aff. ¶ 35).

56. Pan secretly monitored plaintiff's University-owned computer and Internet usage after he learned she might file a lawsuit against him in an effort to obtain evidence to defend himself (Dep. Exhibit A (Pan) pg. 133).

Dated August 13, 2008                    WARD NORRIS HELLER & REIDY LLP

                                                        /s/ Thomas S. D'Antonio
                                                       Thomas S. D'Antonio
                                                       300 State Street
                                                       Rochester, New York 14614
                                                       Telephone (585) 454-0700
                                                       tsd@wnhr.com

                                                       *Attorneys for defendant*
                                                       *The New School*