UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOMINIKA ZAKRZEWSKA,

                         Plaintiff,

        v.

THE NEW SCHOOL, AND KWANG-WEN PAN,

                         Defendants.

**Civil Action No.
06 Civ. 5463 (LAK)**

**Electronically Filed**

# DEFENDANT THE NEW SCHOOL'S
# REPLY MEMORANDUM OF LAW

WARD NORRIS HELLER & REIDY LLP
300 State Street
Rochester, New York 14614
(585) 454-0700

*Attorneys for defendant
The New School*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................ii

PRELIMINARY STATEMENT ...........................................................................................1

ARGUMENT..........................................................................................................................1

      POINT I      THE *FARAGHER/ELLERTH* DEFENSE PROPERLY
                           APPLIES TO BAR PLAINTIFF'S NYCHRL CLAIMS ..................1

      POINT II     PLAINTIFF ARTICULATES NO MATERIAL ISSUES
                           OF GENUINE FACT .......................................................................5

      POINT III    THE NEW SCHOOL CANNOT BE LIABLE ABSENT
                           EVIDENCE THAT IT ENCOURAGED, CONDONED OR
                           APPROVED THE WRONGFUL CONDUCT ALLEGED ..............7

      POINT IV    PLAINTIFF'S CLAIM FOR RETALIATION FAILS .....................8

CONCLUSION.......................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Abreu v. Suffolk County Police Dept.*, 2007 WL 60833 (E.D.N.Y., Feb. 23, 2007) ............9

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505 (1986) ................................5

*Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53,
   126 S.Ct. 2405 (2006) ........................................................................................................8

*Bynog v. SL Green Realty Corp.*, 2007 WL 831740 (S.D.N.Y., March 20, 2007) ................4

*Caen v. Medina*, 537 F. Supp. 2d 471 (E.D.N.Y. 2007) ........................................................4

*DeWitt v. Lieberman*, 48 F. Supp. 2d 280 (S.D.N.Y. 1999) .................................................6

*E.E.O.C. v. Rotary Corp.*, 297 F. Supp. 2d 643 (N.D.N.Y. 2008) .........................................7

*Fierro v. Saks Fifth Ave.*, 13 F. Supp. 2d 481 (S.D.N.Y. 1998) ........................................6, 7

*Franz v. Dregalla*, 94 A.D.2d 963, 464 N.Y.S.2d 91 (4th Dept. 1983) ................................2

*Garone v. United Parcel Service, Inc.*, 436 F. Supp. 2d 448 (E.D.N.Y. 2006) .....................4

*Glover v. Jones*, 522 F. Supp. 2d 496 (W.D.N.Y. 2007) .......................................................8

*Hanna v. New York Hotel Trades Council*, 18 Misc. 3d 436,
   851 N.Y.S.2d 818 (Sup. Ct. N.Y. Cty. 2007) .....................................................................4

*Heskin v. Insite Advertising, Inc.*, 2005 WL 407646 (S.D.N.Y., Feb. 22, 2005) ..................8

*Huaman v. American Airlines, Inc.*, 2005 WL 2413189 (E.D.N.Y., Sept. 29, 2005) ...........8

*Kemp v. Metro-North R.R.*, 2007 WL 1741256 (S.D.N.Y., June 14, 2007) ..........................8

*Leopold v. Baccarat, Inc.*, 239 F.3d 243 (2d Cir. 2001) .......................................................6

*Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc.*, 15 N.Y.2d 443,
   209 N.E.2d 68 (1965) .........................................................................................................3

*Longmire v. Wyser-Pratte*, 2007 WL 2584662 (S.D.N.Y., Sept. 6, 2007) ...........................8

*Majewski v. Broadalbin-Perth Cent. School Dist.*, 91 N.Y.2d 577,
   696 N.E.2d 978 (1998) .......................................................................................................2

*Matter of Aurecchione v. State Div. Of Human Rights*, 98 N.Y.2d 21,
   771 N.E.2d 231 (2002)..................................................................................................4

*Moses v. City of New York*, 2007 WL 2600859 (S.D.N.Y., Aug. 28, 2007) .........................9

*Robles v. Cox & Co.*, 154 F. Supp. 2d 795 (S.D.N.Y. 2001)................................................7

*Schultz Construction v. Ross*, 76 A.D.2d 151, 431 N.Y.S.2d 144
   (3rd Dept. 1980), *aff'd*, 53 N.Y.2d 792 (1981)..................................................................3

*Scott v. Cellco Partnership*, 2007 WL 1051687 (S.D.N.Y. Apr. 3, 2007) .............................9

*Thompson v. American Eagle Airlines, Inc.*, 2000 U.S. Dist.
   LEXIS 14932 (S.D.N.Y. 2000).......................................................................................4

*Yanai v. Columbia Univ.*, 2006 NY MISC LEXIS 2407 (Sup. Ct. N.Y. Cty. 2006).............3

## Statutes

N.Y. City Admin. Code § 8-107 ......................................................................................passim

## PRELIMINARY STATEMENT

The New School (occasionally the "School") has moved for summary judgment requesting that this Court dismiss plaintiff's claims that it is liable for alleged sexual harassment by its employee, co-defendant Kwang-Wen Pan ("Pan"), pursuant to N.Y. City Admin. Code § 8-107(13)(b)(1), and for retaliation. The New School now submits this reply to plaintiff's opposition. For the reasons set forth below, as well as in the School's initial moving papers, plaintiff's claims should be dismissed because The New School has established both the availability and the propriety of the *Faragher/Ellerth* defense on the facts of this case (*see* Points I-II at 1-7; *see also* New School's Initial Mem., dated April 7, 2008 ["Initial Mem."], Point I at 4-14), because The New School has established its entitlement to relief on the alternative ground that it did not ratify, condone or approve of the alleged harassment or the alleged retaliation (*see* Points III-IV at 7-9; *see also* Initial Mem., Points II and III at 14-16), and because plaintiff failed to salvage her retaliation claim for several additional reasons. (*See* Point IV at 8-9; *see also* Initial Mem., Point III at 16-23).

For these reasons, The New School's motion for summary judgment should be granted, and plaintiff's claims against it should be dismissed in their entirety.

## ARGUMENT

### POINT I

#### THE *FARAGHER/ELLERTH* DEFENSE PROPERLY APPLIES TO BAR PLAINTIFF'S NYCHRL CLAIMS

Plaintiff labors mightily to distinguish the many cases, decided both before and after the allegedly significant 2005 amendment to the NYCHRL, which apply the *Faragher/Ellerth* defense to dismiss NYCHRL claims. *See* Pl. Mem. at 11-19. She contends that the 2005 amendment made clear that this statute should be interpreted differently and more broadly than

1

federal and state anti-discrimination laws, and that the *Faragher/Ellerth* defense was therefore inapplicable to the NYCHRL. However, under established principles of statutory construction, the 2005 amendment is irrelevant to the allegedly actionable conduct here, and the case law does not support plaintiff's assertions in any event.

Universally accepted tenets of statutory construction provide that a court must apply the law as it existed when plaintiff's claim accrued. *See Franz v. Dregalla*, 94 A.D.2d 963, 964, 464 N.Y.S.2d 91 (4th Dept. 1983). Statutory amendments therefore "will receive no retroactive effect unless the language of the statute clearly indicates that it shall receive a contrary interpretation." N.Y. Statutes §52 (McKinney's 2008); see also *Majewski v. Broadalbin-Perth Cent. School Dist.*, 91 N.Y.2d 577, 584, 696 N.E.2d 978 (1998) (Strong presumption of prospectivity exists, and retroactive application is "not favored by the courts").[1] In this case, the 2005 NYCHRL amendment does not suggest, let alone "clearly indicate," that it should be applied retroactively. Instead, the amendment provides that the law "shall be" construed liberally, regardless of how other provisions "have been construed." Moreover, Section 1 of the amended statute contemplates prospective application—"the provisions of New York City's Human Rights Law are *to be construed* independently." Significantly for purposes of this case, the effective date of the amendment (October 3, 2005) was *after* the alleged harassment by Pan, *after* the University had responded to plaintiff's complaint, and *after* the allegedly offending conduct had ceased. Since plaintiff's harassment claim accrued on or before May 4, 2005, the date after which Pan's behavior ceased, this Court should apply the law as it then existed. Upon

---

[1] The New York Court of Appeals in *Majewski* directly addressed the circumstance where a court has interpreted a statute, and the Legislature subsequently amends that same statute. In *Majewski*, plaintiff sustained an injury on October 26, 1994, commenced a lawsuit on December 20, 1995, and the Legislature amended the relevant Workers' Compensation Law after the lawsuit was filed. *Id.* at 581-582. The Court explained that in analyzing the language of the amended statute, the statutory provisions in place as of the date of the injury would apply, and the amendment could not be enforced retroactively. *Id.* at 583, 589.

2

doing so, it should adopt the case law holding that the NYCHRL and Title VII will be applied similarly, find the *Faragher/Ellerth* defense applicable, and grant summary judgment to The New School as a result.

The one lower court case that did retroactively apply the 2005 amendment to a lawsuit initiated in 2003, based upon the conclusion that the amendment was "intended to 'clarify' the legislative intent and construction of the City's Human Rights Law," is inapposite and incorrectly decided. *See Yanai v. Columbia Univ.*, 2006 NY MISC LEXIS 2407 at *7 (Sup. Ct. N.Y. Cty. 2006).[2] The authority relied upon in *Yanai* in reaching the above conclusion, *Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc.*, 15 N.Y.2d 443, 209 N.E.2d 68 (1965), actually undercuts the reasoning articulated in the opinion. In *Longines-Wittnauer*, the New York Court of Appeals explained that amendments creating a "'right of action' which did not previously exist" are "presumed to have only prospective application." *Id.* at 453. Here, plaintiff herself urges that the 2005 amendment was intended to afford relief which had been unavailable due to existing precedent, and accepting this assertion as true for purposes of argument, that means the amendment has no application to events occurring prior to October 2005. This result is consistent with case law holding that mere clarifications of legislative intent are *not* to be given retroactive application. *See Schultz Construction v. Ross*, 76 A.D.2d 151, 431 N.Y.S.2d 144 (3rd Dept. 1980), *aff'd*, 53 N.Y.2d 792 (1981) (amendment allegedly clarifying pre-existing legislative intent not adequate basis for retroactive application). Therefore, the 2005 amendment affords plaintiff no basis for relief in this case.

---

[2] Plaintiff does not cite *Yanai* for the proposition that retroactive application of the 2005 amendment is warranted; instead, she contends that in *Yanai* the Court disregarded evidence of the employer's "good faith efforts to prevent and correct discrimination." Pl. Mem. at 18 n. 71.

3

Even should the 2005 NYCHRL amendment be considered, the case law makes plain that *Faragher/Ellerth* remains a viable defense to employer liability under the NYCHRL.[3] As this Court has observed quite recently, "traditionally New York courts have applied the federal courts' construction of federal employment discrimination laws in construing the provisions of the NYCHRL." *See* Document No. 66 at 3 (Kaplan Memo. Op., March 17, 2008). Moreover, the NYCHRL and Title VII address the same type of discrimination, are textually similar and employ the same standards of recovery. *Matter of Aurecchione v. State Div. of Human Rights*, 98 N.Y.2d 21, 25-26, 771 N.E.2d 231 (2002); *see also Hanna v. New York Hotel Trades Council*, 18 Misc. 3d 436, 438 n.1, 851 N.Y.S.2d 818 (Sup. Ct. N.Y. Cty. 2007). Plaintiff seeks to evade the import of these consistent holdings by claiming that the City Council specifically excluded *Faragher-Ellerth*-type protections from the NYCHRL when it crafted various statutory amendments. *See* Pl. Mem. at 13-15. Plaintiff does not, and cannot, cite a single case to support this self-serving proposition. Moreover, she ignores the significant body of case law, decided *after* the NYCHRL amendment, which acknowledged the viability of the *Faragher-Ellerth* analysis and dismissed claims brought on both federal and NYCHRL grounds. *See, e.g.*, New School's Initial Mem. at 13-17; *see also Bynog v. SL Green Realty Corp.*, 2007 WL 831740 (S.D.N.Y., March 20, 2007); *Garone v. United Parcel Service, Inc.*, 436 F. Supp. 2d 448, 473 (E.D.N.Y. 2006). The NYCHRL legislative history upon which plaintiff relies was never hidden from any court's review when they reached these conclusions, and these holdings were issued *after* the pertinent amendments to the NYCHRL had been adopted.

*Thompson v. American Eagle Airlines, Inc.*, 2000 U.S. Dist. LEXIS 14932 (S.D.N.Y 2000), the sole case cited by plaintiff to counter the numerous federal and state courts

---

[3] As Judge Wexler recently observed, courts regularly "have granted dismissals to employers based upon the *Faragher/Ellerth* affirmative defense on motions for summary judgment and for judgment as a matter of law." *Caen v. Medina*, 537 F. Supp. 2d 471, 477 (E.D.N.Y. 2007).

recognizing this analysis, does not support her claim. This case, decided well before the 2005 amendment, addressed the NYCHRL section concerning punitive damages, which, unlike its counterpart in Title VII, explicitly provides that meeting certain enumerated factors can be considered in mitigating punitive damages, but cannot provide a total defense sufficient to strike a claim for such an award. In this context, the Court noted that the plainly differing provisions of Title VII, as to this issue, could not be looked to for statutory interpretation because of the significant differences. In this case, in contrast, the City Council in 2005 amended the preamble to the NYCHRL, but it did not modify the substantive provisions at issue; those remained unaltered in the legislation. Thus, claims under this provision properly are evaluated using a Title VII analysis.

## POINT II

### PLAINTIFF ARTICULATES NO MATERIAL ISSUES OF GENUINE FACT

As this Court is aware, in evaluating a fact's materiality, the substantive law determines which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505 (1986) ("factual disputes that are irrelevant or unnecessary will not be counted"). Plaintiff contends that there remain material issues of fact concerning the first consideration in the first prong of the *Faragher/Ellerth* affirmative defense—whether The New School exercised reasonable care to prevent sexual harassment.[4] Specifically, plaintiff argues that The New School cannot demonstrate reasonable care because it neither disseminated nor implemented its anti-harassment policy. However, a close look at the "facts" upon which

---

[4] Although Plaintiff has put her own spin on *Faragher* ("Court held that the defendant . . . could not assert the defense because it had not effectively disseminated its anti-harassment policy" Plaintiff's Memorandum of Law, p. 19), the Supreme Court found that in that case there was "a complete failure on the part of the City to disseminate said policy among . . . employees." *Id.* at 808-09. The established facts make clear that this case does not present the same or analogous circumstances.

5

plaintiff bases these assertions demonstrates that they are not only untrue, but that the facts material to the School's exercise of reasonable care are not in dispute.

With respect to the dissemination of the School's policy, the undisputed evidence demonstrates the following:

- The New School's policy against sexual harassment was available to students and staff at all times in both written form, and on its website (Rule 56.1 Statement at ¶¶ 6, 8);

- The New School's policy against sexual harassment was published in the Student Handbook, which was given to students, including plaintiff, at the beginning of each academic year (Rule 56.1 Statement at ¶¶ 10 - 12);

- The New School's Student Handbooks specifically addressed the issue of sexual harassment between employees and employees as well as employees and supervisors, provided information about making complaints of sexual harassment, and included a two step complaint procedure[5] (Rule 56.1 Statement at ¶¶ 7, 14);

- Plaintiff received and was aware of the New School's sexual harassment policy. It was available to her in the student handbook she received each year, and the handbook advised her that it was available on the School's website as well (Rule 56.1 Statement at ¶ 12);

- While plaintiff was reluctant at her deposition to acknowledge that she knew of the policy, it is undisputed that she invoked it and followed its process in May 2005 (Rule 56.1 Statement at ¶¶ 21-22, 26); and

- Pan received the School's policy, as evidenced by his deposition testimony and his signed statement acknowledging its receipt (Rule 56.1 Statement at ¶ 13).

With respect to The New School's alleged "failure to implement" its policy, plaintiff misstates the law. In order to meet the first prong of the *Faragher/Ellerth* defense, the Second Circuit has held that "the establishment of an anti-harassment policy and an accompanying complaint procedure [is] sufficient to satisfy the first element of the affirmative defense." *Leopold v. Baccarat, Inc.*, 239 F.3d 243, 245 (2d Cir. 2001); s*ee also DeWitt v. Lieberman*, 48 F.

---

[5] Contrary to plaintiff's claims, no dispute should be recognized concerning the existence of a two-step, informal and formal complaint procedure in The New School's policy. Plaintiff disputes this fact based on a reference to the wrong document. *See* Tennent Reply Aff. at ¶ 8.

Supp. 2d 280, 295 (S.D.N.Y. 1999) (*citing Fierro v. Saks Fifth Ave.,* 13 F. Supp. 2d 481, 491-92 (S.D.N.Y.1998)). The anti-harassment policy, as it does in this case (*see* Appendix Ex. D, E) must specifically address sexual harassment, *Robles v. Cox & Co.,* 154 F. Supp. 2d 795, 804 (S.D.N.Y. 2001), must be readily available, *Fierro,* 13 F. Supp. 2d at 491-92, must be in writing, *E.E.O.C. v. Rotary Corp.,* 297 F. Supp. 2d 643, 664-65 (N.D.N.Y. 2003), and must provide a complaint procedure, *Faragher,* 524 U.S. at 807. While plaintiff cites to cases from other jurisdictions, claiming that they stand for the proposition that the reasonable care standard includes a requirement that an employer must prove adherence to a mandatory training policy if in place, that simply is not the law in the Second Circuit. Moreover, here that issue had no bearing on the behavior plaintiff complained of, since Pan acknowledged that he knew he was not supposed to engage in a romantic relationship with plaintiff and he immediately ceased this behavior when instructed to do so by The New School (Plaintiff's 56.1 Reply/Admission, ¶¶ 33, 39). Accordingly, the alleged absence of prior on-line training is not a material issue in this case.

### POINT III

#### THE NEW SCHOOL CANNOT BE LIABLE ABSENT EVIDENCE THAT IT ENCOURAGED, CONDONED OR APPROVED THE WRONGFUL CONDUCT ALLEGED

The New School has alternatively noted that, separate and apart from *Faragher/Ellerth*, it is entitled to summary judgment because under New York law an employer cannot be held liable for the acts of its employees absent proof of ratification, condonation or approval. *See* New School's Initial Mem. of Law, Point II at 17-19. Plaintiff essentially ignores this argument, suggesting that under the NYCHRL that standard has no application. Pl. Mem. at 22. Plaintiff cannot, however, evade the rather plain, and consistent, holdings that squarely support The New School on this point. "Under § 296 of the [NYHRL] *and § 8-107 of the NYCHRL* an employer

*cannot be liable . . .* for an employee's discriminatory *unless the employer became a party to it by encouraging, condoning or approving it.*" Longmire v. Wyser-Pratte, 2007 WL 2584662 at *10, n. 13 (S.D.N.Y., Sept. 6, 2007) (emphasis supplied) (*citing Huaman v. American Airlines, Inc.*, 2005 WL 2413189 (E.D.N.Y., Sept. 29, 2005)); *accord, Heskin v. Insite Advertising, Inc.*, 2005 WL 407646 at *23 (S.D.N.Y., Feb. 22, 2005); *see also Glover v. Jones*, 522 F. Supp. 2d 496, 508 (W.D.N.Y. 2007). Condonation in this context "contemplates a knowing, after-the-fact forgiveness or acceptance of an offense." *Heskin*, 2005 WL 407646 at *23; *Huaman*, 2005 WL 2413189 at *4.

Plaintiff on this Record has not, and cannot, offer any proof that The New School encouraged, condoned or approved of Pan's alleged behavior. In fact, once it was reported, it was investigated promptly, and it stopped. On this alternative ground, The New School is entitled to summary judgment dismissing the Complaint against it.

## POINT IV
## PLAINTIFF'S CLAIM FOR RETALIATION FAILS

Plaintiff offers virtually no response to The New School's comprehensive review of the law governing retaliation. Instead, plaintiff simply states that "[T]he New School is liable for Pan's monitoring *if* it is considered an act of retaliation" (Pl. Mem. at 22) (emphasis supplied), completely ignoring the established test for the determination of whether the NYCHRL anti-retaliation provision has been violated by The New School. *See Kemp v. Metro-North R.R.*, 2007 WL 1741256 (S.D.N.Y. June 14, 2007). As a matter of law, plaintiff cannot satisfy the third or fourth prong of the analysis, as she can neither demonstrate that she suffered an "adverse employment action," nor show a retaliatory motive for Pan's covert monitoring.

Plaintiff does not dispute that Pan's secret actions did not affect the terms of her employment in any way under the established state law analysis, or under the standard

articulated in *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 2412-15 (2006) (while an employer's actions need not necessarily affect the terms and conditions of employment, an anti-retaliation statute only protects an employee from actions that produce "an injury" or "harm").

Plaintiff admits that she had no knowledge of Pan's secretive monitoring of her Internet usage during her employment at The New School, and Pan made absolutely no attempt to publicize his covert actions. (Pl. Reply to 56.1 Statement of Facts at ¶ 55.) In addition, it is incontrovertible that plaintiff's internet usage in visiting websites soliciting tangible benefits in exchange for physical companionship was in violation of New School policy, and she certainly had no expectation of privacy when using the internet on University-owned computers. Accordingly, she has alleged no cognizable harm as a result of Pan's actions. *See Moses v. City of New York*, 2007 WL 2600859, *2 (S.D.N.Y. Aug. 28, 2007) and *Scott v. Cellco Partnership*, 2007 WL 1051687, *2 (S.D.N.Y. Apr. 3, 2007) (increased scrutiny of employee does not qualify as adverse employment action).

Moreover, The New School cannot be held vicariously liable for Pan's actions, for the reasons articulated in Points II and III of the New School's Initial Memorandum, and in Point III above.[6] It is uncontroverted that at the time of these activities, Pan had been removed from his supervisory responsibilities in the Print Output Center, and was directed to have absolutely no contact with plaintiff. Similarly, The New School never ratified, condoned or approved Pan's secret monitoring of plaintiff's computer usage, and in fact it was unaware of these actions until Pan disclosed them during the course of discover in this case. Apparently recognizing the

---

[6] Even though this case involves solely a NYCHRL claim, even under federal law the employer can incur no retaliation liability for the acts of a supervisory employee unless that employee "is shown to have used that authority to retaliate for filing a charge of sexual harassment," as well. *See, e.g.*, *Abreu v. Suffolk County Police Dept.*, 2007 WL 608331 at *12 (E.D.N.Y., Feb. 23, 2007).

9

untenable nature of this claim, plaintiff desperately suggests that perhaps Pan's stated personal motivation for monitoring her improper Internet usage was false. Illogical speculation cannot substitute for proof, and in this regard plaintiff offers absolutely no evidence that Pan's covert surveillance was undertaken at the School's behest, or that it is even in any way connected to plaintiff's protected activity.

Plaintiff therefore has failed to make a *prima facie* showing that Pan's behavior constituted an adverse employment action, that The New School condoned, encouraged or support his activity, that Pan was acting as plaintiff's supervisor, or that the complained-of actions were undertaken for a reason other that Pan's personal interest. On these many bases, The New School's motion for summary judgment dismissing the retaliation claim should be granted.

## CONCLUSION

For the reasons stated above and in its initial submissions, The New School's motion for summary judgment should be granted, and the Complaint as against it should be dismissed.

Dated: August 22, 2008                            WARD NORRIS HELLER & REIDY LLP

                                                  /s/ Thomas S. D'Antonio
                                                  Thomas S. D'Antonio
                                                  300 State Street
                                                  Rochester, New York 14614
                                                  Telephone (585) 454-0700
                                                  tsd@wnhr.com